UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MONTOREY DANYELL HARPER, et al., pro se,

Plaintiffs,

v.

UNITED STATES, et al.,

Defendants.

Case No.: 3:17-cv-01965-GPC-NLS (Other Cases Listed Below)

**ORDER:**

**(1) SUA SPONTE DISMISSING PLAINTIFFS' COMPLAINTS**

**(2) DENYING AS MOOT PLAINTIFFS' MOTIONS TO PROCEED IN FORMA PAUPERIS**

**(3) ORDERING PLAINTIFFS TO FILE A BRIEF SHOWING CAUSE AS TO WHY THEY ARE NOT VEXATIOUS LITIGANTS**

**(4) ORDERING, IN THE EVENT OF PLAINTIFFS' NON-RESPONSE, PRE-FILING SCREENING AND DECLARING PLAINTIFFS VEXATIOUS LITIGANTS**

## I. SUA SPONTE DISMISSAL OF CASES FILED ON SEPTEMBER 27, 2017

On September 27, 2017, Plaintiffs Montorey Danyell Harper and Montorey LLC ("Plaintiffs"), proceeding pro se, filed twenty-three complaints against Defendants the United States, et al. Several of these complaints have already been dismissed by this Court, and by Judges Bashant and Houston pursuant to 28 U.S.C. § 1915(a).[1] Several more of these cases were transferred to this Court pursuant to this district's low number rule. *See* S.D. Cal. Civil Local Rule 40.1(e). Further, three additional cases were originally assigned to this Court as Case Nos. 17-cv-1967, 17-cv-1973, and 17-cv-1977.

A complaint filed by any person proceeding IFP, pursuant to 28 U.S.C. § 1915(a), is additionally subject to mandatory sua sponte screening. The Court must dismiss any complaint if at any time the Court determines that it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

The requirements under 28 U.S.C. § 1915(e)(2)(B)(ii) are analogous to those under Federal Rule of Civil Procedure (hereinafter "Rule") 12(b)(6). Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference

---

[1] *See* Case Nos. 17-cv-1974, 17-cv-1975, 17-cv-1979, 17-cv-1980, 17-cv-1982, 17-cv-1987.

that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In addition to the liberal pleading standards set out in Rule 8(a), a document filed pro se is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When the plaintiff is appearing pro se, the court affords the plaintiff any benefit of the doubt. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi*, 839 F.2d 621, 623 (9th Cir. 1988).

The Court will provide a brief summary table indicating the apparent basis of each of Plaintiffs' complaints below. The Court finds that each of Plaintiffs' complaints in the below list are scattered, not comprehensible, are unsupported by any factual allegations, and consequently fail to state a claim that is plausible. As pleaded, the allegations in each of the below complaints are insufficient to put Defendants on notice of the claims against them as required by Federal Rule of Civil Procedure Rule 8.

Accordingly, the Court will **DISMISS** each of the complaints below for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court denies as moot each Motion for Leave to Proceed In Forma Pauperis filed in each of the below cases. The Clerk of Court is directed to close each of the cases listed below.

| Case Number | Case Name | Description of Complaint[2] |
|---|---|---|
| 3:17-cv-01965-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements that Defendants are engaged in technology crime and fraud involving a Samsung Galaxy S3. |

[2] Each complaint is incoherent. The Court's attempt to discern the contents of the complaint is made solely for the purpose of identification of the basis for why the complaint fails to state a plausible claim.

| | | |
|---|---|---|
| 3:17-cv-01966-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements regarding a "spiritual intrusion" and the "use of drugs" by the San Diego police Department to attack the plaintiff. |
| 3:17-cv-01968-GPC-NLS | Harper et al v. US et al | Plaintiff appears to make miscellaneous statements regarding spiritual attacks upon him and apparent issues with women's organizations |
| 3:17-cv-01969-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements that he has been wronged by CNN and the State of Tennessee through an allegation of assault and other issues |
| 3:17-cv-01970-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements that he was run over by a man in a vehicle. |
| 3:17-cv-01971-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements that a female Sheriff officer attacked him. |
| 3:17-cv-01972-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements regarding abuse involving someone named "Bow Wow" |
| 3:17-cv-01976-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements about potential racketeering between the judicial system and the United States |
| 3:17-cv-01978-GPC-NLS | Harper et al v. US et al | Plaintiff appears to make miscellaneous statements regarding television host Megan Kelly |
| 3:17-cv-01981-GPC-NLS | Harper v. US, Washington DC et al | Plaintiff appears to make miscellaneous statements |

| | | regarding Microsoft and Bill Gates |
|---|---|---|
| 3:17-cv-01983-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements that technology interference interrupted a lawsuit he drafted |
| 3:17-cv-01984-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements regarding politicians |
| 3:17-cv-01985-GPC-NLS | Harper v. US et al | Plaintiff appears to make miscellaneous statements regarding spiritual assaults from a former church |
| 3:17-cv-01986-GPC-NLS | Harper et al v. US et al | Plaintiff appears to make miscellaneous statements regarding McDonalds |
| 3:17-cv-01967-GPC-AGS | Harper v. US et al | Plaintiff appears to make miscellaneous statements regarding the United States and a man named Bobby |
| 3:17-cv-01973-GPC-WVG | Harper et al v. US et al | Plaintiff appears to make miscellaneous statements regarding a company named PeopleSmart |
| 3:17-cv-01977-GPC-BGS | Harper et al v. United States of America et al | Plaintiff appears to make miscellaneous statements regarding President Obama |

## II.    VEXATIOUS LITIGANT DETERMINATION

As a means of stemming abusive litigation, the Court may issue an order requiring a litigant to seek permission from the Court prior to filing any future suits. *Johns v. Town of Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993) "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (internal citations omitted).  However, "[f]lagrant abuse of the judicial process cannot be

tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey,* 912 F.2d 1144, 1148 (9th Cir. 1990).

A pre-filing review order is appropriate if (1) the plaintiff is given adequate notice and an opportunity to oppose the order; (2) the Court compiles an adequate record for review; (3) the Court makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order is narrowly tailored "to closely fit the specific vice encountered." *De Long v. Hennessey,* 912 F.2d at 1145–48; *see also Johns v. Town of Los Gatos,* 834 F. Supp. 1230, 1232 (N.D. Cal. 1993) (applying *De Long*).

## A. Notice

The Court takes this opportunity to provide notice to Plaintiffs Montorey Danyell Harper and Montorey LLC that, for the reasons described below, it intends to deem Plaintiffs vexatious litigants and impose a pre-filing review order. Plaintiffs are ordered to file, in Case No. 3:17-cv-01965-GPC-NLS, a brief to show cause as to why the Court should not declare the plaintiffs as "vexatious litigants" by **November 20, 2017**. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (requiring district court to provide plaintiff with an opportunity to oppose the entry of order deeming plaintiff a vexatious litigant).

## B. Adequate Record

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id.* (quoting *De Long*, 912 F.2d at 1147). *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1055 (N.D. Cal. 2012), aff'd, 520 F. App'x 534 (9th Cir. 2013). An adequate record exists to support a vexatious litigant finding because Plaintiff Montorey Danyell Harper and in

many of the cases Montorey LLC[3] have filed—not including the seventeen complaints at issue in Section I above—at least thirty-three other frivolous filings in the Southern District of California.[4]  These cases and the dispositions in those cases are listed in the chart below:

| Case Number | Name of Case | Date Filed | Date Closed | Disposition |
|---|---|---|---|---|
| 3:17-cv-01049-MMA-JMA | Harper v. Office of Child Support Enforcement et al | 5/24/17 | 5/26/2017 | Dismissal for Failure to Pay Filing Fee |
| 3:17-cv-01585-WQH-MDD | Harper et al v. US et al | 8/8/2017 | 8/30/2017 | IFP Dismissal |
| 3:17-cv-01633-DMS-MDD | Harper v. City of San Diego et al | 8/14/2017 | 8/28/2017 | IFP Dismissal |
| 3:17-cv-01053-WQH-BGS | Harper et al v. Extended Stay America et al | 5/24/2017 | 8/28/2017 | IFP Dismissal |
| 3:17-cv-01068-BAS-WVG | Harper et al v. Telemarketing Concepts et al | 5/24/2017 | 5/25/2017 | IFP Denied; Leave to Pay Filing Fee |
| 3:17-cv-01069-CAB-AGS | Harper et al v. Choice Hotels et al | 5/23/2017 | 8/14/2017 | Dismissal for Failure to Pay Filing Fee |
| 3:17-cv-01070-GPC-MDD | Harper v. Montorey LLC et al | 5/23/2017 | 6/12/2017 | IFP Dismissal |
| 3:17-cv-01636-MMA-MDD | Montorey LLC et al v. United States et al | 8/14/2017 | 9/28/2017 | IFP Denied; Leave to Pay Filing Fee |

---

[3] The following cases appear to have been filed on solely on behalf of Plaintiff Montorey Danyell Harper and not Montorey LLC: 17-cv-1586, 17-cv-1587, 16-cv-1122, 16-cv-1123, 16-cv-1199, 16-cv-1200, 16-cv-1201, 16-cv-1202, 17-cv-1821

[4] Plaintiff Montorey Harper appears to have filed thirty cases in the Eastern District of North Carolina which were similarly dismissed as frivolous.  *See Harper v. United States Department of Justice*, 2017 WL 1319789 (E.D.N.C. Apr. 10, 2017).  A Court in the Northern District of Florida in June 2017 found that Montorey Harper was a "prolific litigant who has filed at least 61 complaints across the country since 2015, the vast majority of which appear to have been dismissed as frivolous."  *Harper v. United States*, 2017 WL 2952291, at *2 (N.D. Fla. June 8, 2017) (recommending dismissal for improper venue and stating that Harper's conduct which "show[ed] little in the way of legal preparation and consideration" suggested a pre-filing injunction could be warranted).

| | | | | |
|---|---|---|---|---|
| 3:17-cv-01817-WQH-JMA | Harper et al v. US et al | 9/7/2017 | | IFP Denied; Leave to Pay Filing Fee |
| 3:17-cv-01586-WQH-KSC | Harper v. US et al | 8/8/2017 | 8/15/2017 | IFP Dismissal |
| 3:17-cv-01587-GPC-MDD | Harper v. US et al | 8/8/2017 | 8/10/2017 | IFP Dismissal |
| 3:16-cv-00763-AJB-BLM | Harper et al v. San Diego City Administration Building | 3/31/2016 | 6/10/2016 | IFP Dismissal |
| 3:16-cv-00765-BTM-JLB | Harper et al v. San Diego City Administration Building et al | 3/31/2016 | 4/6/2016 | IFP Dismissal |
| 3:16-cv-00766-AJB-BLM | Harper et al v. San Diego City Administration Building et al | 3/31/2016 | 6/10/2016 | IFP Dismissal |
| 3:16-cv-00768-AJB-BLM | Harper et al v. San Diego City Administration Building et al | 3/31/2016 | 6/10/2016 | IFP Dismissal |
| 3:16-cv-00769-AJB-BLM | Harper et al v. San Diego City Administration Building et al | 3/31/2016 | 6/10/2016 | IFP Dismissal |
| 3:16-cv-00834-LAB-WVG | Harper et al v. San Diego, City of et al | 4/7/2016 | 4/12/2016 | IFP Dismissal |
| 3:16-cv-00992-GPC-BGS | Harper et al v. San Diego, City of et al | 4/25/2016 | 6/7/2016 | IFP Dismissal |
| 3:16-cv-01122-JAH-KSC | Harper v. US DOJ | 5/11/2016 | 5/19/2016 | IFP Dismissal |
| 3:16-cv-01123-LAB-NLS | Harper v. US DOJ | 5/11/2016 | 5/16/2016 | IFP Dismissal |
| 3:16-cv-01124-AJB-JLB | Harper v. US DOJ | 05/11/16 | 6/10/2016 | IFP Dismissal |
| 3:16-cv-01199-WQH-BLM | Harper v. US DOJ et al | 5/19/2016 | 5/27/2016 | IFP Dismissal |
| 3:16-cv-01200-MMA-NLS | Harper v. US DOJ et al | 5/19/2016 | 5/20/2016 | IFP Dismissal |

| | | | | |
|---|---|---|---|---|
| 3:16-cv-01201-AJB-BLM | Harper v. US DOJ | 5/19/2016 | 6/24/2016 | IFP Dismissal |
| 3:16-cv-01202-AJB-BLM | Harper v. US DOJ | 5/19/2016 | 6/10/2016 | IFP Dismissal |
| 3:17-cv-01634-BTM-BLM | Harper et al v. US DOJ | 8/14/2017 | | Plaintiff failed to file First Amended Complaint by Court assigned deadline |
| 3:17-cv-01821-AJB-BLM | Harper v. Psychologist San Diego Police et al | 9/8/2017 | 9/12/2017 | IFP Dismissal |
| 3:17-cv-01974-BAS-MDD | Harper v. US et al | 9/27/2017 | 10/3/2017 | IFP Dismissal |
| 3:17-cv-01975-BAS-WVG | Harper et al v. United States et al | 9/27/2017 | 10/3/2017 | IFP Dismissal |
| 3:17-cv-01979-JAH-BGS | Harper et al v. US et al | 9/27/2017 | 10/4/2017 | IFP Dismissal |
| 3:17-cv-01980-BAS-BGS | Harper v. US et al | 9/27/2017 | 10/3/2017 | IFP Dismissal |
| 3:17-cv-01982-GPC-BLM | Harper v. US et al | 9/27/2017 | 9/28/2017 | IFP Dismissal |
| 3:17-cv-01987-BAS-NLS | Harper v. US et al | 9/27/2017 | 10/3/2017 | IFP Dismissal |

Accordingly, an adequate record exists to support a vexatious litigant finding. *See Calhoun v. San Diego Cty.*, No. 12CV2596 AJB JMA, 2012 WL 5878666, at *3 (S.D. Cal. Nov. 21, 2012) (twenty-six frivolous cases constituted adequate record).

**C.    Substantive Findings as to the Frivolous Nature of Plaintiff's Actions**

Under the third prong, the Court must "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at 1059 (citations and quotation marks omitted). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* (citations and quotation marks omitted). The Court finds that there is more than a sufficient basis to conclude that Plaintiffs' filings have been both numerous and patently without merit.

Plaintiff Montorey Harper[5] has filed fifty complaints in this district since 2016. Almost all of these complaints have been dismissed under the Court's power to sua sponte review and dismiss frivolous claims or claims that failed to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). In a few cases, the district court denied in forma pauperis status and proceeded to close the case after Plaintiffs failed to pay the filing fee.[6] No case filed by Plaintiffs appears to have ever proceeded beyond the complaint.

A sampling of the plaintiffs' various complaints show that they have been consistently patently frivolous or failed to state a claim on which relief may be granted. *See, e.g.*, Case No. 17-cv-1987, Dkt. No. 1 ("Spiritual assault are so bad that it is moving the hotel ect, lawsuit will be filed, you did this in 2015 and 2016."); Case No. 17-cv-1982, Dkt. No. 1 ("This is the US and San Diego saying something about Leader Loyal a Captain on board a Leader Vessel MLLC technology a Leader Vessel now the star trek crew will be sued."). The frivolous nature of these claims is also seen in the cases that the Court sua sponte dismisses in Section I. *See, e.g.*, Case No. 17-cv-1981, Dkt. No. 1 ("'Got a hold'" says that it was in that manner as well and Microsoft was assaulted whether or not Bill Gates was complicit."); Case No. 17-cv-1966, Dkt. No. 1 ("The Plaintiff has complained since 2014 about spiritual intrusions and the use of drugs to do this."). Accordingly, the Court finds that the frivolous nature of these complaints supports a vexatious litigant finding. *See Hurt v. All Sweepstakes Contests,* No. C-12-4187 EMC, 2013 WL 144047, at *1, 6 (N.D. Cal. Jan. 11, 2013) (finding plaintiff was a vexatious litigant where plaintiff had filed a significant number of frivolous lawsuits that were "often vague, confusing, or unintelligible").

---

[5] In many of the cases, he was joined by Plaintiff Montorey LLC.
[6] Two cases remain open. In Case No. 17-cv-1817, Plaintiff has been directed to pay the filing fee or submit a more complete motion to proceed in forma pauperis. In Case No. 17-cv-1634, the Court granted Plaintiff leave to file a First Amended Complaint, but failed to do so within the thirty-day period court ordered deadline.

### D. Narrowly Tailored Order

The Court is mindful that "narrowly tailored" pre-filing review orders are needed to "prevent infringement on the litigator's right of access to the courts." *De Long*, 912 F.2d at 1148. However, a general history of litigious filing may support a broad pre-filing injunction. *See Hurt*, 2013 WL 144047, at *7 ("the court has approved broad pre-filing orders against vexatious litigants who have a history of filing a wide variety of frivolous actions"). The Ninth Circuit has approved broad pre-filing orders post *DeLong*. *See Aref v. Marder*, 15 F.3d 1082 (9th Cir. 1994) (memorandum) (upholding broad pre-filing review order preventing vexatious litigant from filing in the Central District of California without obtaining leave of court"). *See also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (pre-filing reviews are an extraordinary sanction but are warranted where vexatious litigants' filings have been "equally as extraordinary"). In *Hurt*, the Court found that "the wide range of frivolous actions Plaintiff has filed in this district makes it difficult to tailor a pre-filing order to a specific group of defendants or type of legal claim. Plaintiff's history of vexatious litigation has been broad, and thus a responsive pre-filing order must be similarly broad." *Id.* at *8.

Here, the type of frivolous actions has been similarly broad and makes a tailored pre-filing order difficult. Plaintiffs' frivolous claims are not confined to a single set of defendants, nor a single topic area. Accordingly, the Court finds that a broad pre-filing review order, as described below, would be most appropriate for all future lawsuits initiated by Plaintiffs Montorey Danyell Harper or Montorey LLC in this district. *See Hurt*, 2013 WL 144047, at *8 ("Given the variety of meritless suits Plaintiff has brought, this Court finds it appropriate to subject all future lawsuits initiated by Plaintiff in this district to pre-filing review.").

//
//
//
//

# CONCLUSION

For the foregoing reasons, the Court will:

1. **DISMISS** Case Nos. 3:17-cv-01965-GPC-NLS, 3:17-cv-01966-GPC-NLS, 3:17-cv-01968-GPC-NLS, 3:17-cv-01969-GPC-NLS , 3:17-cv-01970-GPC-NLS, 3:17-cv-01971-GPC-NLS, 3:17-cv-01972-GPC-NLS , 3:17-cv-01976-GPC-NLS, 3:17-cv-01978-GPC-NLS, 3:17-cv-01981-GPC-NLS, 3:17-cv-01983-GPC-NLS, 3:17-cv-01984-GPC-NLS, 3:17-cv-01985-GPC-NLS, 3:17-cv-01986-GPC-NLS, 3:17-cv-01967-GPC-AGS, 3:17-cv-01973-GPC-WVG, 3:17-cv-01977-GPC-BGS

2. **DENY** as Moot motions to proceed in forma pauperis in Case Nos. 3:17-cv-01965-GPC-NLS,3:17-cv-01966-GPC-NLS, 3:17-cv-01968-GPC-NLS, 3:17-cv-01969-GPC-NLS , 3:17-cv-01970-GPC-NLS, 3:17-cv-01971-GPC-NLS, 3:17-cv-01972-GPC-NLS , 3:17-cv-01976-GPC-NLS, 3:17-cv-01978-GPC-NLS, 3:17-cv-01981-GPC-NLS, 3:17-cv-01983-GPC-NLS, 3:17-cv-01984-GPC-NLS, 3:17-cv-01985-GPC-NLS, 3:17-cv-01986-GPC-NLS, 3:17-cv-01967-GPC-AGS, 3:17-cv-01973-GPC-WVG, 3:17-cv-01977-GPC-BGS

3. **DIRECT** Plaintiffs to file a brief, in Case No. 3:17-cv-01965-GPC-NLS, showing cause as to why they are not "vexatious litigants" by **November 20, 2017**

4. If Plaintiffs fails to respond by the above deadline, the Court will enter an Order to:

    a. **DECLARE** that Plaintiffs are "vexatious litigants" and require that pre-filing screening apply as to Plaintiffs Montorey Harper and Montorey LLC.

    b. **ORDER** that the Clerk of this Court may not file or accept any further complaints filed by or on behalf of Plaintiffs Montorey Harper or Montorey LLC. If Plaintiffs wish to file a complaint, they shall

provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this Order to the Clerk of this Court. The Clerk shall then forward the complaint, letter, and copy of this Order to a reviewing Judge for a determination of whether the complaint should be accepted for filing. Any violation of this Order will expose Plaintiffs to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal. If the Court does not grant permission to file the document, in writing, within 30 days of the date of the letter, permission will be deemed denied.

**IT IS SO ORDERED.**

Dated: October 30, 2017

Hon. Gonzalo P. Curiel
United States District Judge